UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-09566-MRA-AGR | Date | December 5, 2024 |
|---|---|---|---|
| Title | Federal Trade Commission v. Dave, Inc. | | |

| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING DEFENDANT'S REQUEST FOR CONTINUED SEALING OF UNREDACTED COMPLAINT AND UNSEALING UNREDACTED COMPLAINT**

On November 12, 2024, the Court granted in part and denied in part Plaintiff Federal Trade Commission's ("Plaintiff" or "FTC") Application for Leave to File Unredacted Complaint Under Temporary Seal (the "Application"), allowing Plaintiff to file an unredacted copy of the Complaint under temporary seal and the parties to brief whether the unredacted Complaint should remain under seal. ECF 22; *see also* ECF 6. Before the Court are Defendant Dave, Inc.'s ("Defendant" or "Dave") sealed Declaration in support of continued sealing, Plaintiff's sealed Response in Opposition to continued sealing, and a sealed, unredacted copy of the Complaint. ECF 17, 23, 24. The Court has read and considered the parties' briefing and the unredacted copy of the Complaint. For the reasons stated herein, the Court **DENIES** Defendant's request for the unredacted Complaint to remain under seal.

I.   **BACKGROUND**

On November 5, 2024, concurrent with its Application for leave to file an unredacted copy of the Complaint under temporary seal, the FTC filed a redacted Complaint against Dave for violations of section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and section 4 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8403. ECF 1 ¶ 1. The FTC alleges that Dave operates a personal finance mobile application that it markets to financially vulnerable consumers as offering short-term cash advances. ECF 1 ¶ 2. Unbeknownst to consumers, Dave purportedly takes an additional charge—by default, 15% of the advance—as a "tip." *Id.* ¶ 4. The FTC also alleges that Dave falsely claims that based on a consumer's payment of this tip, it will pay for or donate a specified number of meals to feed hungry children. *Id.* Dave purportedly charges all consumers, including those who cannot obtain a cash advance, a $1 monthly subscription fee, frequently without their knowledge or consent, and makes it difficult for consumers to cancel these charges. *Id.* ¶ 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-09566-MRA-AGR | Date | December 5, 2024 |
|---|---|---|---|
| Title | Federal Trade Commission v. Dave, Inc. | | |

## II. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Consistent with this historical practice, court records generally enjoy a "strong presumption in favor of access." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

The party seeking to seal a judicial record bears the burden of presenting "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (internal citation and punctuation marks omitted). However, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a *sealed discovery document* to a *non-dispositive* motion, such that the usual presumption of the public's right of access is rebutted." *Id.* (citations and quotations omitted). In such circumstances, a party seeking to file a document under seal need only satisfy a "good cause" standard. *See Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Courts in the Ninth Circuit have generally required that a request to seal a complaint and its attachments must meet the "compelling reasons" standard. *See, e.g.*, *Reed v. Reliant Life Shares, LLC*, No. No. 2:23-CV-08577-SB (AGR), 2024 WL 3550388, at *1 (C.D. Cal. Mar. 13, 2024); *McCrary v. Elations Co., LLC*, No. ED CV 13-00242-JGB (OP), 2014 WL 1779243, at *6 (C.D. Cal. Jan. 13, 2014) (collecting cases). In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure exist where the records may become "'a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (citation and internal punctation marks omitted). If the court decides to seal a judicial record, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quoting *Hagestad v. Tragesser*, 59 F.3d 1430, 1434 (9th Cir. 1995)). The court "need not document compelling reasons to unseal; rather the proponent of sealing bears [this] burden[.] A failure to meet that burden means that the default posture of public access prevails." *Id.* at 1182.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-09566-MRA-AGR | Date | December 5, 2024 |
|---|---|---|---|
| Title | Federal Trade Commission v. Dave, Inc. | | |

## III.  DISCUSSION

In its briefing, Dave states that the FTC's unredacted Complaint references and directly quotes from confidential business materials and that sealing these portions of the Complaint is necessary to protect Dave's "confidential business strategies and trade secrets."  ECF 17 (Pearl Decl.) ¶¶ 2, 11-12, 15.  The FTC responds that Dave has not articulated compelling reasons supported by specific facts to overcome the strong presumption of public access.  ECF 23 at 2.  The Court agrees that Dave has not met its burden.

As an overarching matter, Dave repeatedly emphasizes the confidential nature of the designated information and the need to maintain this confidentiality as grounds for sealing.[1]  ECF 17 ¶¶ 2, 11-12, 16, 17.  It is true that confidential business information revealing business strategies, plans, and decision-making processes can present compelling reasons against public disclosure.  *See, e.g.*, *Timothy Brady v. Delta Energy & Commc'ns, Inc.*, No. 5:21-CV-01843-FWS-SHK, 2024 WL 4869169, at *2 (C.D. Cal. Feb. 12, 2024) (granting sealing of exhibits revealing confidential contractual terms and financial and pricing information); *Nanometrics, Inc. v. Optical Sols., Inc.*, No. 18-CV-00417-BLF, 2023 WL 7356602 (N.D. Cal. June 21, 2023) (finding compelling reasons to seal information "revealing research and development, technical designs, performance testing, and business strategies"); *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]'" (citation omitted)); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (stating "pricing terms, royalty rates, and guaranteed minimum payment terms" qualify as trade secrets properly subject to sealing).

That confidentiality can present compelling reasons, however, does not mean the Court must find compelling reasons whenever information has been kept confidential.  *See Mission*

---

[1] Dave also argues that the information at issue was produced in response to a civil investigative demand ("CID") and designated as "confidential" pursuant to the FTC Act and its implementing regulations.  ECF 17 ¶ 2 (citing 15 U.S.C. § 46(f); 16 C.F.R. & 4.10(a)(2)).  As the FTC notes, a separate provision of the FTC Act expressly provides for the disclosure of such information in judicial proceedings.  15 U.S.C. § 57b-2(d); *see* ECF 23 at 3 n.1.  Moreover, the regulation cited by Dave pertains only to disclosures pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  16 C.F.R. § 4.10(a).  A separate regulatory provision specifically provides for the use in judicial proceedings of materials produced in response to a CID and marked as "confidential."  *Id.* § 4.10(g).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-09566-MRA-AGR | Date | December 5, 2024 |
|---|---|---|---|
| Title | Federal Trade Commission v. Dave, Inc. | | |

*Wellness Pharm. v. Caremark New Jersey Specialty Pharm. LLC*, No. 2:22-cv-331, 2022 WL 657399, at *2 (D. Ariz. Mar. 4, 2022) ("Only in extremely limited circumstances will confidential information actually merit the sealing of court records."). The Court joins a consensus of courts in this circuit in concluding that the mere fact that certain information is kept confidential, without more, is not sufficient to overcome the strong presumption of public access. *See, e.g.*, *id.* ("[A] party's allegations that material is 'confidential' or 'business information' are insufficient to justify sealing court records containing such material unless the party proves the existence of compelling reasons for sealing."); *Nexus Pharms., Inc. v. Leiters, Inc.*, No. CV2007328CJCJDEX, 2020 WL 13328470, at *1 (C.D. Cal. Oct. 15, 2020) (finding that the mere fact that a document was produced as confidential "establishes nothing more than that its production may lead to 'embarrassment, incrimination, or exposure to further litigation' which are not compelling reasons to grant seal" (citation omitted)); *Basaraba v. Greenberg*, No. CV 13-5061 PSG SHX, 2013 WL 4517892, at *3 (C.D. Cal. Aug. 26, 2013) (declining to seal records "simply because they relate to 'private and confidential business matters'"); *see also* L.R. 79-5.2.2(a)(1) ("That the information may have been designated confidential pursuant to a protective order is not sufficient justification for filing under seal . . . ."). Indeed, "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184.

The Court turns to each of Dave's designations, none of which the Court finds warrant sealing. In support of its designations, Dave submits the declaration of Grahame Fraser, Dave's Head of Product and Customer Experience, who leads the product management, research, and design teams, and drives product strategy. ECF 17-1 (Fraser Decl.) ¶¶ 1, 2.

The first set of designations refers to calculations purportedly reflecting the frequency with which Dave offered $500 cash advances to its customers. ECF 23 at 4-6; *see* ECF 24 ¶¶ 3, 31-33. Dave contends that paragraphs 3, 31, 32, and 33 of the Complaint include allegations derived from confidential data that will cause it "distinct competitive harm." ECF 17 ¶ 11.a. (citing Fraser Decl. ¶¶ 7-9). Fraser testifies that Dave uses a "complex algorithm" to determine whether and how much credit to offer to consumers, and that Dave expended significant resources to develop and optimize this algorithm internally. Fraser Decl. ¶¶ 8-9. Fraser does not sufficiently explain how the redacted portions of paragraphs 3, 31, 32, and 33 reveal the confidential "inputs, parameters, and outputs" of Dave's algorithm. *Id.* ¶ 8. Nor does Fraser testify to *any* alleged harm that Dave would experience from the disclosure of this information, much less the "distinct competitive harm" described in its principal declaration. The Court strains to see how the information in this first set of designations would damage Dave's competitive position. Dave has not met its burden as to this first set of designations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-09566-MRA-AGR | Date | December 5, 2024 |
|---|---|---|---|
| Title | Federal Trade Commission v. Dave, Inc. | | |

The second set of designations pertains to internal documents allegedly reflecting that Dave deceived consumers. ECF 23 at 6-7; *see* ECF 24 ¶¶ 40, 48, 49, 61. Dave argues that paragraphs 40, 48, 49, and 61 of the Complaint quote or paraphrase confidential internal documents and communications that analyze designs and features of Dave's products, which would "render a tangible competitive advantage if disclosed." ECF 17 ¶ 11.b (citing Fraser Decl. ¶¶ 10-16). Fraser testifies that Dave has devoted an entire team to developing confidential and proprietary product features and designs. Fraser Decl. ¶ 12. He states that Dave's competitors would gain an advantage by learning of features in development, analytics data on the performance of Dave's products with its customers, and other information regarding its product features. *Id.* ¶¶ 13, 14. These vague and conclusory assertions about competitive advantage derived from product research and development, however, fail to identify any specific facts pertaining to the actual information at issue here. *See Virun, Inc. v. Cymbiotika, LLC*, No. 822CV00325SSSDFMX, 2022 WL 17401698, at *2 (C.D. Cal. Aug. 19, 2022) (describing similar assertions of competitive advantage as "vague," "conclusory," and "insufficient"); *Equifax Info. Servs. LLC*, No. 22-cv-61, 2024 WL 4444387, at *3 (D. Ariz. Oct. 8, 2024) (same). Fraser's discussion of the actual redacted portions of paragraphs 40, 48, 49, and 61 suffers from the same lack of specificity. *See* Fraser Decl. ¶¶ 15-16. He does not explain how the information would be of any value to competitors. Dave's assertion of "tangible competitive advantage" therefore lacks any evidentiary support. Dave has not met its burden as to this second set of designations.

The third set of designations involves findings from internal user testing purportedly reflecting consumer injury. *See* ECF 23 ¶¶ 62-64, 74. Dave contends that paragraphs 62 through 64 quote or paraphrase from findings of confidential internal experiments that Dave conducted to test or optimize its user experience, which would give its competitors "an unearned competitive advantage." ECF 17 ¶ 11.c. (citing Fraser Decl. ¶¶ 17-18). Dave also argues that paragraph 74 quotes or paraphrases from confidential internal communications between Dave employees regarding the findings from user testing. *Id.* ¶ 11.d. (citing Fraser Decl. ¶¶ 19-20). Fraser testifies that Dave has expended resources testing potential features and that the results of these tests are "critically sensitive business performance data." Fraser ¶ 17. Yet apart from these broad statements, Fraser's testimony as to the redacted portions of paragraphs 62 through 64 once again fails to substantiate any competitive harm resulting from disclosure. Dave's assertion of "unearned competitive advantage" lacks any specific factual foundation. Dave has not met its burden as to this third set of designations.

The final set of designations refers to internal analysis allegedly reflecting that customers were deceived and dissatisfied. ECF 23 at 8-9; *see* ECF 24 ¶¶ 37-38, 47, 50, 66, 73, 77-78. Dave contends that paragraphs 37, 38, 47, 50, 66, 73, 77, and 78 quote or paraphrase from confidential internal documents and communications analyzing customer feedback, and that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-09566-MRA-AGR | Date | December 5, 2024 |
|---|---|---|---|
| Title | Federal Trade Commission v. Dave, Inc. | | |

disclosure of this analysis "presents a highly misleading and incomplete picture of customer feedback to [sic] Dave's products," conferring its competitors an unearned advantage. ECF 17 ¶¶ 11.e, 11.f. (citing Fraser Decl. ¶¶ 21-24). Dave also states that paragraph 66 quotes or paraphrases information from Dave's Zendesk, a program used to track customer service interactions with customers and that disclosure of this information would also present "a highly misleading and incomplete picture of customer feedback to Dave's products." *Id.* ¶ 11.g. (citing Fraser Decl. ¶¶ 25-26). Once more, apart from stating that Dave does not publicize its customer feedback analyses, Fraser does not attest to any competitive harm that would result from the disclosure of the information at issue in this third set of designations. Moreover, Defendant's unsubstantiated allegation that disclosure would paint a "misleading picture" of customer feedback—in other words, cast Dave in a negative light—does not provide any cause for sealing. *See Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment . . . will not, without more, compel the court to seal its records.").

### IV.   CONCLUSION

For the foregoing reasons, the Court finds that Dave has not met its burden of presenting specific facts substantiating that the redacted portions of the Complaint would harm its competitive standing. Without any compelling reasons for continued sealing, the strong presumption of public access prevails. The Court **DENIES** Defendant's request for continued sealing and **ORDERS** the Clerk to unseal the unredacted copy of the Complaint at ECF 24.

**IT IS SO ORDERED.**

|   | - | : | - |
|---|---|---|---|
| Initials of Deputy Clerk | gga | | |