DEREK E. WETMORE (SB # 291600)
THOMAS BROWN (SB # 182916)
derekwetmore@paulhastings.com
tombrown@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

ALLYSON BAKER (*pro hac vice*)
MEREDITH BOYLAN (*pro hac vice*)
allysonbaker@paulhastings.com
meredithboylan@paulhastings.com
PAUL HASTINGS LLP
2050 M Street, NW
Washington, DC 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

*Attorneys for Defendant*
*Dave Inc. and Jason Wilk*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVE, INC., a Delaware corporation, and JASON WILK, an individual,<br><br>Defendants. | Case No. 2:24-cv-09566-MRA-AGR<br><br>**ANSWER TO AMENDED COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF**<br><br>Judge: Hon. Mónica Ramírez Almadani<br>Complaint Filed: December 30, 2024<br><br>DEMAND FOR JURY TRIAL |

1  *Counsel for Defendants Continued*

2  MARGARET SHIELDS (*pro hac vice*)
   margaretshields@paulhastings.com
3  PAUL HASTINGS LLP
4  200 Park Avenue
   New York, NY 10166
5  Telephone: (212) 318-6334
6  Facsimile: (212) 319 4090

7  CHRISTOPHER T. NAPIER (*pro hac vice*)
8  SHELBY R. SCHWARTZ  (*pro hac vice*)
   cnapier@mitchellsandler.com
9  sschwartz@mitchellsandler.com
10 MITCHELL SANDLER PLLC
   2020 K Street, NW, Suite 760
11 Washington, DC 20036
12 Telephone: (202) 886-5260

13 *Attorneys for Defendants*
   *Dave Inc. and Jason Wilk*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants Dave Inc. ("Dave") and Jason Wilk ("Mr. Wilk") (collectively, "Defendants") submit this Answer and Affirmative Defenses ("Answer") to the Amended Complaint filed on December 30, 2024, by the United States of America.[1]

Unless otherwise noted, Defendants deny each and every allegation in the Amended Complaint, including those in titles, headings, subheadings, and footnotes, and specifically deny liability to Plaintiff.[2] The Amended Complaint frequently fails to allege dates or timeframes; Defendants deny that conduct alleged in the Amended Complaint existed throughout the relevant time period or that it continues presently. In collectively admitting an allegation, Defendants do not admit that Mr. Wilk has personal knowledge about, participated in, or had authority or control over the admitted subject matter, only that Defendants do not challenge the allegation's accuracy. Defendants reserve the right to seek to amend and supplement this Answer as might be appropriate or necessary.

## GENERAL DENIAL

Defendants deny each and every allegation of the Amended Complaint not specifically admitted herein.

## ANSWERING THE AMENDED COMPLAINT

Subject to their Defenses, Defendants answer the corresponding numbered paragraphs of the Amended Complaint as follows:

1.    Defendants admit that Dave is a financial technology company that provides consumers with a fully integrated, mobile-first platform, to deliver innovative financial products designed to help underserved consumers manage their

---

[1] The Department of Justice ("DOJ") "substituted" itself and filed the Amended Complaint upon referral from the Federal Trade Commission ("FTC"), which filed the initial complaint in this matter. Defendants objected to the substitution.

[2] The headers and sub-headers in the Amended Complaint appear to be argument and not substantive allegations. Accordingly, Defendants do not respond individually to the headers or sub-headers. To the extent the headers or sub-headers are deemed to be allegations, Defendants deny those allegations.

money more effectively.  The Company was launched to provide a faster, more transparent, and lower-cost alternative to traditional financial institutions, particularly for those living paycheck to paycheck.  Dave's mission is to level the financial playing field by providing intuitive, transparent, and accessible solutions that empower Dave's consumers to navigate life's financial challenges with confidence and at a fraction of the cost of the services offered by big banks and high interest lenders.  Defendants admit that Mr. Wilk is Dave's Chief Financial Officer ("CEO") and that he co-founded Dave.  Defendants deny the allegations in Paragraph 1 characterizing Mr. Wilk's responsibilities.   To the extent the allegations in Paragraph 1 excerpt, selectively quote from, omit information from, or characterize statements in documents, Defendants refer the Court to the referenced documents in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 1 that mischaracterize or are inconsistent with those documents.

2.     Defendants deny the allegations in Paragraph 2.

3.     Defendants admit that previously users were presented with the option of providing an optional tip after the ExtraCash overdraft was sent.  Defendants otherwise deny the allegations in Paragraph 3.

4.     Defendants admit that previously, for $1 a month, consumers could connect their existing external bank accounts to Dave and were offered a variety of financial tools and products, including ExtraCash, automated savings, credit monitoring, budgeting and financial education tools, and opportunities to earn money through in-app surveys and job boards.  Defendants deny that all users paid a monthly membership fee.  Defendants otherwise deny the allegations in Paragraph 4.

5.     Paragraph 5 states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the Court has subject matter jurisdiction.

6.      Paragraph 6 states legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this Court.

7.      Defendants admit that Plaintiff alleges that this action is brought under the Federal Trade Commission Act ("FTC Act") and the Restore Online Shoppers' Confidence Act ("ROSCA").   Defendants refer the Court to the full text of the referenced statutes for their requirements and available remedies.   The remaining allegations in Paragraph 7 consist of legal conclusions to which no response is required.

8.      Defendants admit that, on November 5, 2024, the FTC filed the original complaint in this action, without a demand for civil penalties, against Dave Inc., only. Defendants further admit that on December 30, 2024, the DOJ filed an amended complaint on behalf of the United States in this action.  Defendants deny that the DOJ properly substituted the United States as the Plaintiff in the Amended Complaint. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore deny them.

9.      Defendants deny that Dave has "at all times relevant" advertised, marketed, distributed, or sold a personal finance mobile app that offers short-term cash advances to consumers throughout the United States.   Defendants otherwise admit the allegations in Paragraph 9.

10.      Defendants admit that Jason Wilk is Dave's co-founder, CEO, President, and Chairman of the Board of Directors.  Defendants also admit that Wilk has served as Dave's CEO since 2016 and holds over 50% of the voting power of the capital stock on an outstanding basis.  The remaining allegations in Paragraph 10 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remainder of the allegations in Paragraph 10.

11.    The allegations in Paragraph 11 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 11.

12.    The allegations in Paragraph 12 consist of legal conclusions to which no response is required.  Defendants refer the Court to the full text of the referenced statute for its definitions and requirements.  Further, the Amended Complaint frequently fails to allege dates or timeframes, thus Dave lacks knowledge of what periods constitute "all times relevant."

13.    Defendants admit that Dave is a financial technology company that provides consumers with a fully integrated, mobile-first platform and that the Dave app is available for download through the Apple App Store and Google Play Store. Dave admits that it advertises its app.  Dave admits that it offers a product called "Extra Cash."  To the extent the allegations in Paragraph 13 rely on, summarize, selectively quote from, omit information from, or characterize statements in those advertisements, Defendants refer the Court to the referenced advertisements in their entirety, including any linked or other disclosures, for the specific language therein. Defendants deny any allegations in Paragraph 13 that mischaracterize or are inconsistent with those advertisements.

14.    Defendants deny that Dave requires consumers to provide information about their bank accounts or link them to the Dave App.  Defendants admit that app users are asked to link their existing bank accounts to the Dave app and that users may authorize withdrawals from their linked accounts.  Defendants deny that Dave "collect[ed] on" advances and other charges.  Defendants admit the remainder of the allegations in Paragraph 14.

15.    Defendants admit that Dave advertises its app, including online and through social media.  To the extent the allegations in Paragraph 15 rely on, summarize, excerpt, selectively quote from, omit information from, or characterize

statements in those advertisements, Defendants refer the Court to the referenced advertisements in their entirety, including any linked or other disclosures, for the specific language therein.  Defendants deny any allegations in Paragraph 15 that mischaracterize or are inconsistent with those advertisements.

16.    Defendants admit that consumers are offered the option to receive funds through faster funds transfer methods.  Defendants otherwise deny the allegations in Paragraph 16.

17.    Defendants admit that Dave advertises its app on social media platforms but deny that all of the excerpted images reflect advertisements that were seen by consumers.  Defendants deny that these partial images fairly or fully represent what customers saw, and deny that these partial images fairly or fully represent Dave's disclosures and advertisements.  Further, to the extent the allegations in Paragraph 17 rely on, summarize, excerpt, selectively quote from, omit information from, or characterize statements in those advertisements, Defendants refer the Court to the referenced advertisements, including any linked or other disclosures, in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 17 that mischaracterize or are inconsistent with those advertisements.

18.    Defendants deny that these partial images fairly or fully represent what customers saw, and deny that these partial images fairly or fully represent Dave's disclosures and advertisements.  To the extent the allegations in Paragraph 18 rely on, summarize, excerpt, selectively quote from, omit information from, or characterize statements in advertisements, Defendants refer the Court to the referenced advertisements, including any linked or other disclosures, in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 18 that mischaracterize or are inconsistent with those advertisements.

19.    Defendants deny that these partial images fairly or fully represent what customers saw, and deny that these partial images fairly or fully represent Dave's

disclosures and advertisements.  To the extent the allegations in Paragraph 19 rely on, summarize, excerpt, selectively quote from, omit information from, or characterize statements in advertisements, Defendants refer the Court to the referenced advertisements, including any linked or other disclosures, in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 19 that mischaracterize or are inconsistent with those advertisements.

20.    To the extent the allegations in Paragraph 20 rely on, summarize, excerpt, selectively quote from, omit information from, or characterize statements in advertisements, Defendants refer the Court to the referenced advertisements, including any linked or other disclosures, in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 20 that mischaracterize or are inconsistent with those advertisements.

21.    To the extent the allegations in Paragraph 21 rely on, summarize, excerpt, selectively quote from, omit information from, or characterize statements in advertisements, Defendants refer the Court to the referenced advertisements, including any linked or other disclosures, in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 21 that mischaracterize or are inconsistent with those advertisements.

22.    Paragraph 22 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.  Further, to the extent that the allegations in Paragraph 22 rely on, summarize, excerpt, selectively quote from, omit information from, or characterize statements on Dave's website, Defendants refer the Court to the referenced website, including any linked or other disclosures, in its entirety for the specific language therein.  Defendants deny any allegations in Paragraph 22 that mischaracterize or are inconsistent with the website.

23.    To the extent that the allegations in Paragraph 23 rely on, summarize, excerpt, selectively quote from, omit information from, or characterize statements on

Dave's app store profiles, Defendants refer the Court to the referenced app store profiles, including any linked or other disclosures, in their entirety for the specific language therein. Defendants deny any allegations in Paragraph 23 that mischaracterize or are inconsistent with the app store profiles.

24. Dave admits that consumers can download the Dave app through the Apple App Store or the Google Play Store. To the extent that the allegations in Paragraph 24 rely on, summarize, excerpt, selectively quote from, omit information from, or characterize statements on Dave's app store profiles, Defendants refer the Court to the referenced app store profiles, including any linked or other disclosures, in their entirety for the specific language therein. Defendants deny any allegations in Paragraph 24 that mischaracterize or are inconsistent with those profiles.

25. Defendants deny that this partial image fairly or fully represents what customers saw, and deny that this partial image fairly or fully represents Dave's disclosures. To the extent that the allegations in Paragraph 25 rely on, summarize, excerpt, selectively quote from, omit information from, or characterize statements or images on the Dave app, Defendants refer the Court to the referenced and surrounding screens, including any linked information, in their entirety for the specific language therein. Defendants deny any allegations in Paragraph 25 that mischaracterize or are inconsistent with those screens.

26. Defendants deny that this partial image fairly or fully represents what customers saw, and deny that this partial image fairly or fully represents Dave's disclosures. To the extent that the allegations in Paragraph 26 rely on, summarize, excerpt, selectively quote from, omit information from, or characterize statements or images on the Dave app, Defendants refer the Court to the referenced and surrounding screens, including any linked information, in their entirety for the specific language therein. Defendants deny any allegations in Paragraph 26 that mischaracterize or are inconsistent with those screens.

27.    Defendants deny that this partial image fairly or fully represents what customers saw, and deny that this partial image fairly or fully represents Dave's disclosures.  To the extent that the allegations in Paragraph 27 rely on, summarize, excerpt, selectively quote from, or characterize statements or images on the Dave app, Defendants refer the Court to the referenced and surrounding screens, including any linked information, in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 27 that mischaracterize or are inconsistent with those screens.  Defendants admit that, as of the Spring of 2024, the button states "Agree and continue."  Defendants deny Plaintiff's characterization of the reasons for any such changes.

28.    Defendants deny that the partial image referenced fairly or fully represents what customers saw, and deny that this partial image fairly or fully represents Dave's disclosures.  To the extent that the allegations in Paragraph 28 rely on, summarize, excerpt, selectively quote from, or characterize statements or images on the Dave app, Defendants refer the Court to the referenced and surrounding screens, including any linked information, in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 28 that mischaracterize or are inconsistent with those screens.  Defendants deny that Dave's user interface "draws consumers' attention toward continuing with Dave's services, and away from the terms of those services, including by using design elements such as placement, color, text size, and action buttons to guide the consumer through the app."

29.    Defendants deny that the referenced partial image fairly or fully represents what customers saw, and deny that this partial image fairly or fully represents Dave's disclosures.  To the extent that the allegations in Paragraph 29 rely on, summarize, excerpt, selectively quote from, or characterize statements or images on the Dave app, Defendants refer the Court to the referenced and surrounding screens, including any linked information, in their entirety for the specific language

ANSWER TO AMENDED COMPLAINT FOR PERMANENT
INJUNCTION, MONETARY JUDGMENT, CIVIL PENALTY
JUDGMENT, AND OTHER RELIEF
CASE NO. 2:24-cv-09556-MRA (AGRx)

therein.  Defendants deny any allegations in Paragraph 29 that mischaracterize or are inconsistent with those screens.  Defendants further deny that consumers "are not informed of key information" and deny the remainder of the allegations in Paragraph 29.

30.     Defendants admit that app users are asked to link their bank accounts to the Dave app and that users may authorize withdrawals from their linked accounts. Defendants admit that the linked account information informs eligibility determinations.  Defendants deny the remainder of the allegations in Paragraph 30.

31.     Defendants admit that Dave had made an eligibility determination when Dave displayed an advance amount to the consumer.  To the extent that the allegations in Paragraph 31 rely on, summarize, excerpt, selectively quote from, or characterize statements or images on the Dave app or made through "other channels," Defendants refer the Court to the referenced images and communications, including any linked information, in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 31 that mischaracterize or are inconsistent with those screens.

32.     Defendants deny the allegations in Paragraph 32.

33.     The allegations in Paragraph 33 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 33 and aver that any alleged fees charged were properly disclosed and consented to.

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

37.     To the extent that the allegations in Paragraph 37 rely on, summarize, excerpt, selectively quote from, or characterize statements in Dave's advertisements or on its app store profiles, Defendants refer the Court to the referenced

advertisements and profiles, including any linked or other disclosures, in their entirety for the specific language therein. Defendants deny any allegations in Paragraph 37 that mischaracterize or are inconsistent with those advertisements or profiles. Defendants deny that Dave's advertisements or app store content do not inform customers about advance amounts or eligibility. Defendants further deny that this information is in "small print," "buried," "vague," "confusing," or "obscure."

38.    To the extent that the allegations in Paragraph 38 rely on, summarize, excerpt, selectively quote from, or characterize statements from consumers, Defendants refer the Court to the referenced statements in their entirety for the specific language therein. Defendants deny any allegations in Paragraph 38 that mischaracterize or are inconsistent with those documents. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 38 and therefore deny them.

39.    To the extent that the allegations in Paragraph 39 rely on, summarize, excerpt, selectively quote from, or characterize statements from consumers, Defendants refer the Court to the referenced statements in their entirety for the specific language therein. Defendants deny any allegations in Paragraph 39 that mischaracterize or are inconsistent with those statements. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 39 and therefore deny them.

40.    To the extent that the allegations in Paragraph 40 rely on, summarize, excerpt, selectively quote from, or characterize statements in Dave's internal documents, Defendants refer the Court to the referenced documents in their entirety for the specific language therein. Defendants deny any allegations in Paragraph 40 that mischaracterize or are inconsistent with those documents. Defendants deny that Dave made any "deceptive" representations. Mr. Wilk denies that he reviewed all of the "internal documents" referenced in this paragraph and further denies the

allegations in Paragraph 40 that are specific to him to the extent that they mischaracterize or are inconsistent with the referenced documents.

41.    To the extent that the allegations in Paragraph 41 rely on, summarize, excerpt, selectively quote from, or characterize statements in Dave's internal documents, Defendants refer the Court to the referenced documents in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 41 that mischaracterize or are inconsistent with those documents.

42.    To the extent that the allegations in Paragraph 42 rely on, summarize, excerpt, selectively quote from, or characterize statements in Dave's advertisements, Defendants refer the Court to the referenced advertisements, including any linked or other disclosures, in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 42 that mischaracterize or are inconsistent with those advertisements.  Defendants further deny that Dave "requires" consumers to wait for their funds unless they pay an Express Fee.

43.    To the extent that the allegations in Paragraph 43 rely on, summarize, excerpt, selectively quote from, or characterize statements in Dave's internal documents, Defendants refer the Court to the referenced documents in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 43 that mischaracterize or are inconsistent with those documents.  Defendants further deny that consumers learn about express fees only after they give Dave access to their bank accounts.  Defendants deny that consumers are not aware of the "expectations" regarding the cost of express fees.

44.    To the extent that the allegations in Paragraph 44 rely on, summarize, excerpt, selectively quote from, or characterize statements or images on the Dave app, Defendants refer the Court to the referenced and surrounding screens, including any linked information, in their entirety for the specific language therein. Defendants deny any allegations in Paragraph 44 that mischaracterize or are inconsistent with

those screens.  Defendants deny that Dave's disclosures are "vague."  Defendants further deny that Dave "requires" consumers to wait for their funds unless they pay an Express Fee.

45.    To the extent that the allegations in Paragraph 45 rely on, summarize, excerpt, selectively quote from, or characterize statements in Dave's advertisements or on its app store profiles, Defendants refer the Court to the referenced advertisements and profiles, including any linked or other disclosures, in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 45 that mischaracterize or are inconsistent with those advertisements or profiles.  Defendants deny the allegation that Dave's advertisements and app store content do not inform consumers about expedited fees.  Defendants further deny that Dave's disclosures are "small print," "buried," "vague," "confusing," or "obscure." Defendants further deny that they "require" consumers to wait for their funds unless they pay an Express Fee.

46.    Defendants deny that this partial image fairly or fully represents what customers saw, and deny that this partial image fairly or fully represents Dave's disclosures.  To the extent that the allegations in Paragraph 46 rely on, summarize, excerpt, selectively quote from, or characterize statements or images on the Dave app, Defendants refer the Court to the referenced and surrounding screens, including any linked information, in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 46 that mischaracterize or are inconsistent with those screens, including the allegation that "Dave does not make clear to consumers that they are agreeing to this additional charge or that they have any way to avoid agreeing to it." Defendants further deny that Dave currently presents consumers with the option to leave a tip.

47.    Defendants admit that tipping was formerly a revenue source for Dave. Defendants deny that Dave currently presents consumers with the option to leave a

12

ANSWER TO AMENDED COMPLAINT FOR PERMANENT
INJUNCTION, MONETARY JUDGMENT, CIVIL PENALTY
JUDGMENT, AND OTHER RELIEF
CASE NO. 2:24-cv-09556-MRA (AGRx)

tip.  To the extent that the allegations in Paragraph 47 rely on, summarize, excerpt, selectively quote from, or characterize statements or images on the Dave app, Defendants refer the Court to the referenced and surrounding screens, including any linked information, in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 47 that mischaracterize or are inconsistent with those screens.  Mr. Wilk denies the allegations in Paragraph 47 that are specific to him.

48.     To the extent that the allegations in Paragraph 48 rely on, summarize, excerpt, selectively quote from, or characterize statements from consumers, Defendants refer the Court to the referenced statements in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 48 that mischaracterize or are inconsistent with those statements.    Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 48 and therefore deny them.

49.     To the extent that the allegations in Paragraph 49 rely on, summarize, excerpt, selectively quote from, or characterize statements in Dave's internal documents, Defendants refer the Court to the referenced documents in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 49 that mischaracterize or are inconsistent with those documents.  Defendants further deny the allegations that Dave charged consumers for tips without their awareness and did not make it clear to consumers how to avoid tipping.

50.     To the extent that the allegations in Paragraph 50 rely on, summarize, excerpt, selectively quote from, or characterize statements in Dave's internal documents, Defendants refer the Court to the referenced documents in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 50 that mischaracterize or are inconsistent with those documents.  Defendants further deny the allegation that Dave did not make it clear to consumers how to avoid tipping.

51.     To the extent that the allegations in Paragraph 51 rely on, summarize, excerpt, selectively quote from, or characterize statements in Dave's internal documents, Defendants refer the Court to the referenced documents in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 51 that mischaracterize or are inconsistent with those documents.  To the extent that the allegations in Paragraph 51 refer to what did or did not appear on Dave's app, Defendants refer the Court to the app screens and linked disclosures for the specific images and language therein.  Dave avers that it does not currently present consumers with the option to leave a tip.

52.     To the extent that the allegations in Paragraph 52 rely on, summarize, excerpt, selectively quote from, or characterize statements in Dave's internal documents, Defendants refer the Court to the referenced documents in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 52 that mischaracterize or are inconsistent with those documents.  Defendants further deny that Dave's interface had been described as a "dark pattern" that had been criticized by "designers and members."

53.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 53 and therefore deny them.  To the extent that the allegations in Paragraph 53 rely on, summarize, excerpt, selectively quote from, or characterize statements in Dave's internal documents, Defendants refer the Court to the referenced documents in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 53 that mischaracterize or are inconsistent with those documents.  Defendants aver that customers could change the tip amount until Dave initiated a transfer to repay and otherwise deny the remainder of allegations in Paragraph 53.

54.     The allegations in Paragraph 54 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the

allegations in Paragraph 54.  Defendants further deny the allegation that it was a misrepresentation for Dave to state that it would pay for or donate a specified number of healthy meals for children in need.

55.    Defendants deny that this partial image fairly or fully represents what customers saw, and deny that this partial image fairly or fully represents Dave's disclosures.  The allegations in Paragraph 55 include legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 55.  To the extent that the allegations in Paragraph 55 rely on, summarize, excerpt, selectively quote from, or characterize statements or images on the Dave app, Defendants refer the Court to the referenced and surrounding screens, including any linked information, in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 55 that mischaracterize or are inconsistent with those screens.

56.    Defendants deny that this image fairly or fully represents what customers saw, and deny that this image fairly or fully represents Dave's disclosures. To the extent that the allegations in Paragraph 56 rely on, summarize, excerpt, selectively quote from, or characterize statements or images on the Dave app, Defendants refer the Court to the referenced and surrounding screens and any linked information in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 56 that mischaracterize or are inconsistent with those screens.

57.    Defendants admit that consumers who chose to tap the "Thank you!" button would have provided a tip for the amount they selected.  Defendants deny that members were required to tap the "Thank You" button.  Defendants also deny that Dave necessarily charged "these consumers" between 10% and 20% of their advance amount.

ANSWER TO AMENDED COMPLAINT FOR PERMANENT
INJUNCTION, MONETARY JUDGMENT, CIVIL PENALTY
JUDGMENT, AND OTHER RELIEF
CASE NO. 2:24-cv-09556-MRA (AGRx)

58.     To the extent that the allegations in Paragraph 58 rely on, summarize, excerpt, selectively quote from, or characterize statements or images on the Dave app, Defendants refer the Court to the referenced and surrounding screens, including any linked information, in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 58 that mischaracterize or are inconsistent with those screens.  Defendants further deny the allegation that customers were required to engage with the custom tip feature to avoid paying a tip.

59.     Defendants deny that this image fairly or fully represents what customers saw, and deny that this image fairly or fully represents Dave's disclosures. To the extent that the allegations in Paragraph 59 rely on, summarize, excerpt, selectively quote from, or characterize statements or images on the Dave app, Defendants refer the Court to the referenced and surrounding screens, including any linked information, in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 59 that mischaracterize or are inconsistent with those screens.

60.     To the extent that the allegations in Paragraph 60 rely on, summarize, excerpt, selectively quote from, or characterize statements or images on the Dave app, Defendants refer the Court to the referenced and surrounding screens, including any linked information, in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 60 that mischaracterize or are inconsistent with those screens.

61.     Defendants deny that customers were required to engage with the custom tip feature to avoid paying a tip and further deny that a customer must move the slider to zero to avoid paying any tip.  To the extent that the allegations in Paragraph 61 rely on, summarize, excerpt, selectively quote from, or characterize statements or images on the Dave app, Defendants refer the Court to the referenced and surrounding screens, including any linked information, in their entirety for the

specific language therein.  Defendants deny any allegations in Paragraph 61 that mischaracterize or are inconsistent with those screens.

62.    Defendants admit that portions of tips—whether the tips were large or small—were used to donate money to a hunger-relief organization to provide a specified number of meals to children in need.  To the extent Paragraph 62 is meant to allege that Dave did not donate money to charity to provide a specified number of meals to children in need based on the size of the tip, Defendants deny this allegation and further refer the Court to the contract between Dave and the hunger-relief organization.  Defendants lack knowledge or information sufficient to form a belief about the truth of what customers believe and therefore deny the remainder of Paragraph 62.

63.    To the extent that the allegations in Paragraph 63 rely on, summarize, excerpt, selectively quote from, or characterize statements or images on Dave's website, Defendants refer the Court to the referenced website in its entirety for the specific language therein.  Defendants deny any allegations in Paragraph 59 that mischaracterize or are inconsistent with the website.  Defendants further refer the Court to the contract between Dave and the hunger-relief organization.  Defendants further deny the allegation that Dave did not disclose to consumers that it benefits from tips.  The allegations in Paragraph 63 include legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they misrepresented the use of tips.

64.    Defendants admit that Dave donated a portion of each tip and deny the remainder of the allegations in Paragraph 64.

65.    To the extent that the allegations in Paragraph 65 rely on, summarize, excerpt, selectively quote from, or characterize statements in Dave's internal documents, Defendants refer the Court to the referenced documents in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 65

17

that mischaracterize or are inconsistent with those documents.  The allegations in Paragraph 65 include legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that the Healthy Meals content was misleading and deny that Defendants acknowledged the screen content was misleading.  Defendants further deny that they continue to present the option to leave tips.  Mr. Wilk denies that he reviewed all of the "internal documents" referenced in this paragraph and further denies the allegations in Paragraph 65 to the extent that they mischaracterize or are inconsistent with the referenced documents.

66.    To the extent that the allegations in Paragraph 66 rely on, summarize, excerpt, selectively quote from, or characterize statements in Dave's internal documents, Defendants refer the Court to the referenced documents in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 66 that mischaracterize or are inconsistent with those documents.  The allegations in Paragraph 66 include legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 66.

67.    To the extent that the allegations in Paragraph 67 rely on, summarize, excerpt, selectively quote from, or characterize statements in Dave's internal documents, Defendants refer the Court to the referenced documents in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 67 that mischaracterize or are inconsistent with those documents.

68.    To the extent that the allegations in Paragraph 68 rely on, summarize, excerpt, selectively quote from, or characterize statements in Dave's internal documents, Defendants refer the Court to the referenced documents in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 68 that mischaracterize or are inconsistent with those documents.

ANSWER TO AMENDED COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF
CASE NO. 2:24-cv-09556-MRA (AGRx)

69.     Defendants deny that they continue to present the option to leave a tip and that they continue to present screens with "Healthy Meals" representations.  Mr. Wilk denies the allegations in Paragraph 69.

70.     Defendants deny the allegations in Paragraph 70.

71.     Defendants deny that this image fairly or fully represents what customers saw, and deny that this image fairly or fully represents Dave's disclosures. To the extent that the allegations in Paragraph 71 rely on, summarize, excerpt, selectively quote from, or characterize statements or images on the Dave app, Defendants refer the Court to the referenced and surrounding screens, including any linked information, in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 71 that mischaracterize or are inconsistent with those screens.

72.     Defendants lack knowledge or information sufficient to form a belief about the truth of the first and second sentences of Paragraph 72 and therefore deny the allegations therein.  Defendants deny that all enrolled consumers are charged $1 per month.  To the extent that the allegations in Paragraph 72 rely on, summarize, excerpt, selectively quote from, or characterize statements in Dave's internal documents, Defendants refer the Court to the referenced documents in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 72 that mischaracterize or are inconsistent with those documents.

73.     To the extent that the allegations in Paragraph 73 rely on, summarize, excerpt, selectively quote from, or characterize statements from consumers, Defendants refer the Court to the referenced statements in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 73 that mischaracterize or are inconsistent with those statements.  Mr. Wilk denies that he reviewed all of the "complaints" referenced in this paragraph.

74.     Defendants deny the allegations in Paragraph 74.

ANSWER TO AMENDED COMPLAINT FOR PERMANENT
INJUNCTION, MONETARY JUDGMENT, CIVIL PENALTY
JUDGMENT, AND OTHER RELIEF
CASE NO. 2:24-cv-09556-MRA (AGRx)

75.    To the extent that the allegations in Paragraph 75 rely on, summarize, excerpt, selectively quote from, or characterize statements from consumers, Defendants refer the Court to the referenced statements in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 75 that mischaracterize or are inconsistent with those statements.    The allegations in Paragraph 75 include legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

76.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 and therefore deny the allegations therein.  Defendants further deny that Dave does not provide an in-app process to cancel or inform customers how to do so.

77.    Defendants deny the allegations in Paragraph 77.

78.    Defendants deny the allegations in Paragraph 78.

79.    Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence of Paragraph 79 and therefore deny the allegations therein.  To the extent that the allegations in Paragraph 79 rely on, summarize, excerpt, selectively quote from, or characterize internal documents or statements from consumers, Defendants refer the Court to the referenced documents and statements in their entirety for the specific language therein.  Defendants deny any allegations in Paragraph 79 that mischaracterize or are inconsistent with those documents.

80.    Defendants deny the allegations in the first sentence of Paragraph 80. To the extent that the allegations in Paragraph 80 rely on, summarize, excerpt, selectively quote from, or characterize internal documents, Defendants refer the Court to the referenced documents in their entirety for the specific language therein. Defendants deny any allegations in Paragraph 80 that mischaracterize or are inconsistent with those documents.

ANSWER TO AMENDED COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF
CASE NO. 2:24-cv-09556-MRA (AGRx)

81. Defendants admit that customers can and do contact customer service to cancel their memberships. Defendants deny the remainder of the allegations in Paragraph 81 suggesting that consumers are unable to cancel their memberships.

82. Defendants deny the allegations in the first sentence of Paragraph 82. To the extent that the allegations in Paragraph 82 rely on, summarize, excerpt, selectively quote from, or characterize statements from consumers, Defendants refer the Court to the referenced statements in their entirety for the specific language therein. Defendants deny any allegations in Paragraph 82 that mischaracterize or are inconsistent with those documents.

83. Defendants deny the allegations in the first sentence of Paragraph 83. To the extent that the allegations in Paragraph 83 rely on, summarize, excerpt, selectively quote from, or characterize statements from consumers, Defendants refer the Court to the referenced statements in their entirety for the specific language therein. Defendants deny any allegations in Paragraph 82 that mischaracterize or are inconsistent with those documents.

84. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 84. Defendants deny the allegations in the second and third sentences of Paragraph 84. To the extent that the allegations in Paragraph 84 rely on, summarize, excerpt, selectively quote from, or characterize internal documents, Defendants refer the Court to the referenced documents in their entirety for the specific language therein. Defendants deny any allegations in Paragraph 84 that mischaracterize or are inconsistent with those documents.

85. Defendants deny the allegations in the first and second sentences of Paragraph 85. To the extent that the allegations in Paragraph 85 rely on, summarize, excerpt, selectively quote from, or characterize internal documents, Defendants refer the Court to the referenced documents in their entirety for the specific language

ANSWER TO AMENDED COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF
CASE NO. 2:24-cv-09556-MRA (AGRx)

therein.  Defendants deny any allegations in Paragraph 85 that mischaracterize or are inconsistent with those documents.  The allegations in Paragraph 86 also consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 86.

86.    The allegations in Paragraph 86 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 86.

87.    Defendants admit that Dave maintains a compliance management system.  Defendants admit that in January 2023, the FTC issued a Civil Investigative Demand.  The remainder of allegations in Paragraph 87 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 87.  Mr. Wilk denies that he was a named party to the Civil Investigative Demand.

88.    Paragraph 88 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 88.

89.    Paragraph 89 consists of legal conclusions to which no response is required.  Defendants refer the Court to the full text of the referenced statute for its requirements.

90.    Paragraph 90 consists of legal conclusions to which no response is required.  Defendants refer the Court to the full text of the referenced statute for its requirements.

91.    Defendants' responses to Paragraphs 1 through 90 are incorporated as if set forth herein.

92.    Paragraph 92 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 92.

ANSWER TO AMENDED COMPLAINT FOR PERMANENT
INJUNCTION, MONETARY JUDGMENT, CIVIL PENALTY
JUDGMENT, AND OTHER RELIEF
CASE NO. 2:24-cv-09556-MRA (AGRx)

93.    Paragraph 93 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 93.

94.    Paragraph 94 consists of legal conclusions to which no response is required.  Defendants refer the Court to the full text of the referenced statute for its requirements.  To the extent a response is required, Defendants deny the allegations in Paragraph 94.

95.    Defendants' responses to Paragraphs 1 through 94 are incorporated as if set forth herein.

96.    Paragraph 96 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 96.

97.    Paragraph 97 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 97.

98.    Paragraph 98 consists of legal conclusions to which no response is required.  Defendants refer the Court to the full text of the referenced statutes for its requirements.  To the extent a response is required, Defendants deny the allegations in Paragraph 98.

99.    Paragraph 99 consists of legal conclusions to which no response is required.  To the extent Paragraph 99 excerpts statutory language, Defendants refer the Court to the referenced statutory provision in its entirety for the specific language therein.  Defendants deny any allegations in Paragraph 99 that are inconsistent with the statute.

100.    Paragraph 100 consists of legal conclusions to which no response is required.  To the extent Paragraph 100 paraphrases statutory language, Defendants refer the Court to the referenced statutory provision in its entirety for the specific

language therein.  Defendants deny any allegations in Paragraph 100 that are inconsistent with the statute.

101.  Paragraph 101 consists of legal conclusions to which no response is required.  To the extent Paragraph 101 excerpts statutory language, Defendants refer the Court to the referenced statutory provision in its entirety for the specific language therein.  Defendants deny any allegations in Paragraph 101 that are inconsistent with the statute.

102.  Paragraph 102 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 102.

103.  Paragraph 103 consists of legal conclusions to which no response is required.  Defendants refer the Court to the full text of the referenced statutes for their requirements.

104.  Paragraph 104 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 104.

105.  Defendants' responses to Paragraphs 1 through 104 are incorporated as if set forth herein.

106.  Paragraph 106 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 106.

107.  Paragraph 107 consists of legal conclusions to which no response is required.  Defendants refer the Court to the full text of the referenced statutes for their requirements.  To the extent a response is required, Defendants deny the allegations in Paragraph 107.

108.    Paragraph 108 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 108.

109.    Defendants' responses to Paragraphs 1 through 108 are incorporated as if set forth herein.

110.    Paragraph 110 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 110.

111.    Paragraph 111 consists of legal conclusions to which no response is required.  Defendants refer the Court to the full text of the referenced statutes for their requirements.  To the extent a response is required, Defendants deny the allegations in Paragraph 111.

112.    Paragraph 112 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 112.

113.    Defendants' responses to Paragraphs 1 through 112 are incorporated as if set forth herein.

114.    Paragraph 114 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 114.

115.    Paragraph 115 consists of legal conclusions to which no response is required.  Defendants refer the Court to the full text of the referenced statutes for their requirements.  To the extent a response is required, Defendants deny the allegations in Paragraph 115.

116.    Paragraph 116 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 116.

117. Paragraph 117 consists of legal conclusions to which no response is required. Defendants refer the Court to the full text of the referenced statutes for their requirements and available remedies. To the extent a response is required, Defendants deny the allegations in Paragraph 117.

118. Paragraph 118 consists of legal conclusions to which no response is required. Defendants refer the Court to the full text of the referenced statutes for their requirements and available remedies.

119. Paragraph 119 consists of legal conclusions to which no response is required. Defendants refer the Court to the full text of the referenced statutes for their requirements. To the extent a response is required, Defendants deny the allegations in Paragraph 119.

## **PRAYER FOR RELIEF**

Defendants deny that the Plaintiff is entitled to any relief, in law or in equity, requested or not, including that which is requested in the Plaintiff's Prayer for Relief. In significant part, no Defendant has ever had actual knowledge or knowledge fairly implied on the basis of objective circumstances that any alleged act or practice was or is unfair or deceptive and was or is prohibited by ROSCA.

## **DEMAND FOR JURY TRIAL**

Defendants acknowledge Plaintiff's jury demand and also demand a jury on all issues so triable.

## **FIRST AFFIRMATIVE DEFENSE**

### (Due Process – Lack of Fair Notice)

Plaintiff's claims are barred, in whole or in part, because the Government failed to provide fair notice that Defendants' alleged conduct violated the law. Defendants could not have known how to comply with ROSCA's alleged disclosure and cancellation provisions as the Government interprets them in the Amended Complaint. The FTC previously acknowledged that ROSCA does not specifically

26

state what conduct complies with the statute but rather only offers "general provisions related to disclosures, consent, and cancellation." It is "[a] fundamental principle in our legal system" that parties must be given "fair notice of conduct that is forbidden." *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012). Because the Defendants did not have fair notice of the government's novel interpretation of ROSCA, the Amended Complaint's ROSCA claims (Counts III through V) and its request for Civil Monetary Penalties (which requires that the Defendants violated ROSCA with "actual knowledge or knowledge fairly implied on the basis of objective circumstances"), should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

### (Due Process – Unconstitutional Vagueness)

Plaintiff's claims are barred, in whole or in part, because ROSCA is unconstitutionally vague as applied by Plaintiff to Defendants' alleged conduct. The Government alleges that ROSCA requires sellers of negative option features to "clearly and conspicuously disclose" "material terms," without defining "clearly and conspicuously" or "material terms." The Government further alleges that ROSCA requires sellers to obtain consumers' "express informed consent" (which is undefined) and provide "simple mechanisms for a consumer to stop recurring charges" (which is undefined). 15 U.S.C. § 8403. Applying ROSCA here thus violates the Due Process Clause.

## THIRD AFFIRMATIVE DEFENSE

### (Standing/Mootness)

The Amended Complaint fails to provide any temporal specificity regarding Plaintiff's allegations and does not adequately allege whether Defendants' allegedly violative conduct is historic or ongoing. Defendants are not violating or about to violate the law, so Plaintiff lacks standing to seek injunctive relief for violations of ROSCA or the FTC Act.

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiff's claims are barred, in whole or in part, by Defendants' good faith and the absence of intentional misconduct and reckless or negligent conduct.  Defendants lacked actual or implied knowledge of any alleged violations of law, including ROSCA, not least because the Consumer Financial Protection Bureau opened and closed an investigation—and declined to recommend an enforcement action against Dave.  Defendants' good faith undermines the Government's request for civil penalties.

## FIFTH AFFIRMATIVE DEFENSE

### (Offsets)

Any finding of monetary liability, including any restitution award, should be offset to account for Dave customers who have received funds without repaying them, previously received refunds, and/or who have received membership benefits at no cost, and who have received value and benefits from being Dave members. Plaintiff may not recover amounts already recovered in settlements entered into with third parties in connection with any facts or allegations underlying any of Plaintiff's causes of action against Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred to the extent they seek relief based on alleged violations or harms that occurred outside of the applicable limitations periods.

## SEVENTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

The potential penalties and fines the Government seeks are unconstitutional and excessive under the United States Constitution and specifically under the Excessive Fines Clause of the Eighth Amendment, U.S. Const. Amend. VIII and the

Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section
1.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment against Plaintiff and in favor of
Defendants, and for such other relief as the Court deems proper.


Dated:  October 10, 2025                          Respectfully submitted.

By:  */s/ Derek E. Wetmore*
Derek E. Wetmore

DEREK E. WETMORE (SB# 291600)
THOMAS P. BROWN (SB# 182916)
derekwetmore@paulhastings.com
tombrown@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

ALLYSON B. BAKER (*pro hac vice*)
MEREDITH L. BOYLAN (*pro hac vice*)
allysonbaker@paulhastings.com
meredithboylan@paulhastings.com
PAUL HASTINGS LLP
2050 M Street, NW
Washington, DC 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

MARGARET SHIELDS (*pro hac vice*)
margaretshields@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6334

ANSWER TO AMENDED COMPLAINT FOR PERMANENT
INJUNCTION, MONETARY JUDGMENT, CIVIL PENALTY
JUDGMENT, AND OTHER RELIEF
CASE NO. 2:24-cv-09556-MRA (AGRx)

1

Facsimile: (212) 319 4090

2

CHRIS NAPIER (*pro hac vice*)

3

SHELBY SCHWARTZ(*pro hac vice*)
cnapier@mitchellsandler.com

4

sschwartz@mitchellsandler.com

5

MITCHELL SANDLER PLLC
2020 K Street, NW, Suite 760

6

Washington, DC 20006

7

Telephone: (202) 886-5260

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO AMENDED COMPLAINT FOR PERMANENT
INJUNCTION, MONETARY JUDGMENT, CIVIL PENALTY
JUDGMENT, AND OTHER RELIEF
CASE NO. 2:24-cv-09556-MRA (AGRx)