BRETT A. SHUMATE
Assistant Attorney General, Civil Division
JORDAN C. CAMPBELL
Deputy Assistant Attorney General, Civil Division
SARMAD KHOJASTEH
Senior Counsel, Civil Division
LISA K. HSIAO
Acting Director, Enforcement & Affirmative Litigation Branch
ZACHARY A. DIETERT
Assistant Director
SARAH WILLIAMS
Senior Trial Attorney
JOHN F. SCHIFALACQUA
Trial Attorney
Enforcement & Affirmative Litigation Branch, Enforcement Section
Civil Division, United States Department of Justice
450 5th Street, NW, Suite 6400-South
Washington, D.C. 20001
Phone: (202) 616-4269
sarah.williams@usdoj.gov
*Attorneys for Plaintiff*

THOMAS BROWN (SB # 182916)
DEREK E. WETMORE (SB # 291600)
tombrown@paulhastings.com
derekwetmore@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

ALLYSON BAKER (*pro hac vice*)
MEREDITH BOYLAN (*pro hac vice*)
allysonbaker@paulhastings.com
meredithboylan@paulhastings.com
PAUL HASTINGS LLP
2050 M Street, NW
Washington, DC 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

MARGARET SHIELDS (*pro hac vice*)
margaretshields@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6334
Facsimile: (212) 319 4090

CHRISTOPHER T. NAPIER (*pro hac vice*)
SHELBY R. SCHWARTZ (*pro hac vice*)
cnapier@mitchellsandler.com
sschwartz@mitchellsandler.com
MITCHELL SANDLER PLLC
2020 K Street, NW, Suite 760
Washington, DC 20036
Telephone: (202) 886-5260

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVE, INC., a Delaware corporation, and JASON WILK, an individual,<br><br>Defendants. | **Case No. 2:24-cv-09566-MRA-AGR**<br><br>**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN**<br><br>Scheduling Conference<br>Date: November 10, 2025<br>Time: 1:30 p.m.<br>Place: 9B<br>Judge: Mónica Ramírez Almadani<br><br>Complaint Filed: November 5, 2024<br>Date Removed: None<br>FAC Filed: December 30, 2024<br>Answer Filed: October 10, 2025<br>Trial Date: None Set<br>Final Pretrial Conference (Proposed): November 9, 2026 |

The parties in the above-captioned case, Plaintiff United States of America and Defendants, Dave Inc. and Jason Wilk, through their respective counsel, respectfully submit this Joint Rule 26(f) Conference Report and Discovery Plan, in accordance with the Court's Scheduling Order, entered on September 17, 2025, Dkt. 75, and the Federal Rules of Civil Procedure.

**1. Statement of the Case.**

<u>Plaintiff's Statement</u>: Plaintiff's Amended Complaint alleges Defendant Dave, Inc. operates a personal finance mobile application that offers short term cash advances to consumers it considers "financially vulnerable," under the direction of its co-founder and CEO, Defendant Jason Wilk. Defendants market the app with prominent statements urging consumers to "get up to $500…instantly," and then take consumers' bank account information and enroll them in automatically renewing "membership" subscriptions. After collecting consumers' bank account information, Defendants offer amounts far below $500, with an average offer of $25 and many first-time users getting no offer at all. Defendants further require an "express fee" of $3 to $25 to avoid a multiple day wait for the advance. On past cash advances, Defendants than added an additional charge—a default 15% "tip" that Defendants gave consumers no clear way to avoid—when consumers pressed a green "thank you" button. Consumers were told these each percentage point of this "tip" purchased a "healthy meal" for hungry children, while in fact Defendants kept the vast majority of the "tip" revenue for themselves and did not provide the meals they promised. When consumers tried to cancel Defendants' reoccurring membership fee, Defendants either provided no mechanism to cancel or made the process so labor intensive that consumers would give up and continue to pay the membership fees.

Plaintiff, United States of America, has brought action upon referral from the Federal Trade Commission (FTC), for violating Section 5(a) of the FTC Act, 15 U.S.C. § 45(a)'s prohibition on deceptive trade practices by misrepresenting cash

advances and "tipping" charges, and violating the Restore Online Shoppers' Confidence Act (ROSCA), 15 U.S.C. § 8403, by failing to provide clear and conspicuous disclosures, obtain express informed consent, and provide simple mechanism to stop recurring charges. Plaintiff seeks consumer redress, civil penalties and an injunction to protect consumers from Defendants' deceptive and illegal practices.

<u>Defendants' Statement</u>:  The Government's case rests on a novel interpretation of ROSCA, which expands its scope far beyond the statutory text and congressional intent, and relies on cherry-picked consumer complaints, mischaracterized internal communications and documents, and incomplete data.

ROSCA requires companies to disclose all "material terms" of a transaction effectuated through a "negative option feature" and to provide "simple mechanisms" for cancellation.  This is exactly what Dave does.  Dave clearly and conspicuously discloses the terms of the "negative option feature"—the monthly subscription fee—before collecting billing information.  The Government's allegations rely on an ill-fated attempt to extend the meaning of "material terms" under ROSCA to encompass optional features of Dave's product unrelated to the "negative option feature."  This is not what ROSCA requires.  Regardless, Dave disclosed the information the Government maintains was required under its expansive interpretation of ROSCA. Dave disclosed that advances were subject to eligibility criteria and that instant access to advances is available for a small fee. Further, Dave disclosed that the historic tipping feature was purely optional and that Dave contributed a portion of tips to charity.  Dave provided customers with simple mechanisms to cancel.

The Government's Section 5 claim fares no better.  Dave's allegedly offending statements are not misleading because they do not deceive a reasonable consumer. Reasonable consumers understand that "up to $500" means they may be eligible for $500 dollars, but does not mean they will always receive $500 dollars.  Regardless,

Dave's disclosures regarding optional express fees and its historic tipping feature, including statements about providing healthy meals, were clear, and reasonable consumers would not have been misled by either feature.

The Government will likewise not be able to prove that Dave's Chief Executive Officer ("CEO") Mr. Wilk participated directly in the alleged acts or had authority to control them. Lastly, neither Dave nor Mr. Wilk knew or had reason to know that their conduct violated ROSCA.

**2. Subject Matter Jurisdiction.**

The parties agreed that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345 and 1355. The dispute arises under the Federal Trade Commission Act and ROSCA, which are federal statutes regulating commerce. The United States is the plaintiff, and it is seeking penalties under federal law.

**3. Legal Issues.**

Plaintiff's Statement: The legal issues in this action include: (1) whether Defendants' representations about cash advances and tipping are deceptive trade practices in violation of Section 5(a) of the FTC Act; (2) whether Defendants clearly and conspicuously disclosed all material terms of their cash advance transactions before collecting consumers' bank account information; (3) whether Defendants obtained express informed consent from consumers who provided their bank account information and were charged various fees; (4) whether Defendants provided a simple mechanism to cancel their reoccurring membership charges; (5) whether individual defendant Jason Wilk participated in the corporate defendants' practices or had ability to control them; (6) whether Defendants had actual knowledge of unlawful corporate practices, operated with reckless indifference to illegal practices, or possessed an awareness of the high probability of unlawful practices; (7) what injunctive relief is appropriate to protect consumers from future violations of the FTC Act and ROSCA; (8) the amount of consumer redress that is appropriate to compensate consumers

1  who have lost money due to Defendants' past illegal practices; and (9) the appropriate
2  amount of civil penalties in light of the number of times Defendants violated
3  consumer protection laws, the harm caused to consumers, and the Defendants' ability
4  to pay.

5  <u>Defendants' Statement</u>:  Defendants do not agree with the characterization in
6  Plaintiff's statement of legal issues, including, but not limited to, the assertion that
7  Defendants' past practices were "illegal" or the "Defendants violated consumer
8  protection laws" a "number of times."  However, Defendants acknowledge generally
9  that this case involves the nine issues in Plaintiff's statement.  In addition to the
10 above, Defendants believe the following issues of law are disputed: (1) Whether
11 liability can be imposed consistent with the Due Process Clause; (2) Whether Plaintiff
12 has standing to seek injunctive relief; (3) Whether the claims are barred by
13 Defendants' good faith; (4) Whether damages should be offset to account for Dave
14 customers who have received funds without repaying them, previously received
15 refunds, and/or who have received membership benefits at no cost, and who have
16 received value and benefits from being Dave members; (5) Whether Plaintiff's claims
17 are barred by the statute of limitations; (6) Whether the penalties sought violate the
18 Excessive Fines clause of the Eighth Amendment of the United States Constitution.

19 **4. Parties, Evidence, Etc.**
20     Parties to the Case<u>:</u>
21     Plaintiff United States of America
22     Defendant Dave Inc., a Delaware corporation
23     Defendant Jason Wilk
24     Evidence**:**
25 <u>Plaintiff's Statement</u>:
26     Key percipient witnesses are likely to include:
27     - Defendant Jason Wilk

-6-

- Kyle Beilman, Chief Financial Officer at Dave Inc.
- Grahame Fraser, Head of Product Management & Operations at Dave Inc.
- Additional Dave Inc. Employees with knowledge of Defendants' ExtraCash product, consumer surveys, marketing, cancelation policies, and other matters relevant to the claims in the Amended Complaint.
- Defendant's Rule 30(b)(6) Witnesses
- Presently unidentified consumers of Defendants' ExtraCash product
- Other individuals identified through discovery

Key Documents are likely to include:

-Defendants' marketing materials and disclosures to consumers related to their mobile app, including both advertisements and screens shown to consumers in the app;

-Defendants' business records related to their Extra Cash product;

-Defendants' consumer survey, internal business evaluations, and app use data related to their revenue models for fees, membership collections and tipping;

-Consumer reviews, ratings and complaints regarding Defendants' product;

- Defendants' policies and customer service protocols for handling consumer complaints;

-Documents showing consumer complaints, consumer cancellation attempts, and Defendants' responses;

-Documents related to "tipping" through Defendants' app, including screens shown to consumers, "tips" collected through the app, the distribution of money collected as "tips," agreements with charitable organizations, including Feeding America, money distributed to charitable organizations and any meals purchased;

-Documents related to fees charged to consumers, including membership fees, express fees, overdraft fees, late fees, interest and inactivity fees.

-Information provided to Defendants' shareholders describing their business model and revenue, including public filings with the Securities Exchange Commission;

-Documents Defendants provided the Federal Trade Commission; and

-Other documents identified through discovery.

<u>Defendants' Statement</u>:

Witnesses are likely to include individuals in the following or similar roles:

- Vice President Product and GM Credit and Bank, Dave, Inc.
- Vice President Platform, Operations and Member Success, Dave, Inc.
- Chief Marketing Officer, Dave, Inc.
- Director, Creative Content and Production, Dave, Inc.
- Additional Dave Inc. employees with knowledge of Dave's products including ExtraCash, Dave's marketing, Dave's policies and procedures, and other matters relevant to the claims in the Amended Complaint and Dave's defenses
- Consumers who may have experienced Dave's products and/or seen Dave's advertisements or marketing materials
- A 30(b)(6) witness from the FTC and other Government witnesses
- Witnesses called by Plaintiff and witnesses identified during discovery

Key documents are likely to include:

- Documents relating to the ExtraCash product, including, but not limited to, policies, procedures, terms of service, and marketing materials.
- Data relating to ExtraCash product, including but not limited to, averages of the advance amount taken by consumers.
- Documents and data relating to the cancellation process and tipping.
- Documents relating to Mr. Wilk's involvement.

- Documents from the FTC or DOJ, including those relating to their communications with third parties about ROSCA, Section 5, and the enforcement of those statutes.

Defendants reserve the right to amend or modify the above as discovery progresses.

## 5. Damages.

Plaintiff will seek consumer redress and civil penalties under the FTC Act, 15 U.S.C. § 45(m)(1)(A) and ROSCA, 15 U.S.C. § 8403. Although it is early in the litigation, Plaintiff believes that provable consumer redress amounts will exceed $ 200 million and that Defendants have violated ROSCA over two and a half million times. ROSCA provides $ 52,088 in maximum statutory penalties for each violation.

Defendants dispute that Plaintiff is entitled to consumer redress or civil penalties.

## 6. Insurance.

Plaintiff does not have applicable insurance coverage.

Defendants are evaluating whether an insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments to satisfy such a judgment may exist with respect to the claims asserted against Defendants. Defendants will provide a copy of any such agreement if they confirm whether such insurance agreement exists.

## 7. Motions.

**(a)    Procedural Motions.**

The parties presently do not anticipate filing motions seeking to add other parties or claims or file amended pleadings but reserve the right to do so should discovery or other developments so warrant. The parties do not anticipate filing motions to transfer venue or challenge the court's jurisdiction. They may bring discovery related motions, as well as Daubert and other evidentiary motions before trial, or other additional motions as appropriate.

**(b) Dispositive Motions.**

The Court has already denied Defendants' Motion to Dismiss the Amended Complaint, Order Dkt. 75. The parties anticipate bringing cross-motions for summary judgment at the conclusion of discovery.

**8. Manual for Complex Litigation.**

The parties agree that the procedures in the Manual for Complex Litigation are not applicable in this case.

**9. Discovery.**

**(a) Status of Discovery.**

The Parties will exchange initial disclosures on November 3, 2025, but note that the current lapse in federal appropriations may cause some delay in that deadline or need to supplement. The parties further intend to conduct additional discovery in accordance with the Court's Scheduling Order.

**(b) Discovery Plan.**

The Parties agree that the standard number of discovery requests and depositions should be provided to each party, including twenty-five interrogatories and ten depositions. If either party decides to seek additional interrogatories or depositions at a later time, the Parties will attempt to reach a stipulation regarding any additional discovery before involving the Court in a dispute. The Parties have further agreed to seek a protective order, and to use the procedures for addressing any inadvertent disclosure of privilege information, as contemplated by Federal Rule of Evidence 502(b).

Plaintiff's Position: Plaintiff will seek discovery on the subjects identified in the First Amended Complaint, including: (1) Defendants' app design, marketing choices and messages; (2) Defendants' internal surveys of, consideration of, and responses to consumer complaints and consumer behavior; (3) alternative app design choices considered by Defendants; (4) revenue Defendants have obtained through their cash

1  advance products; (5) Defendants' membership cancellation process, including
2  policies and procedures; (6) Jason Wilk's role in corporate business operations; (7)
3  Defendants' knowledge of, and attempts to comply with, consumer protection legal
4  and regulatory requirements; (8) consumer complaints, negative product reviews, and
5  refund requests regarding Defendants' cash advance products; (9) consumer attempts
6  to cancel Defendants' ongoing membership; and (10) Defendants' representations
7  regarding tipping charges.

8       Regarding the scope of discovery, Plaintiff asserts that the United States is
9  entitled to complete and fulsome discovery, as provided in the Federal Rules of Civil
10 Procedure, which are liberally interpreted to permit the wide-ranging collection of
11 relevant information. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal.
12 1998). There is no authority for limiting discovery based on a previous government
13 investigation. *SEC v. Sal*, 133 F.R.D. 115, 118 (N.D. Ill. 1990); *accord* SEC v. Sargent,
14 229 F.3d 68, 80 (1st Cir. 2000)("discovery should not be foreclosed. . . merely because
15 of [the agency's] pre-filing investigation.")  Moreover, it is well established that general
16 objections to discovery are improper. *See United States ex. Rel. O'Connell v. Chapman*
17 *University,* 245 F.R.D. 646, 649-50 (C.D. Cal. 2007) (summarizing cases).

18      <u>Defendants' Position</u>: The Government has already obtained voluminous
19 documents and information from Defendants as part of an investigation by the FTC
20 that preceded the filing of the Complaint.  Defendants contend that any discovery
21 here should therefore be limited to targeted requests intended to supplement—not
22 duplicate—Defendants' prior, resource-intensive document collection and production
23 process.  Defendants reserve the right to object to any discovery requests as
24 duplicative, unnecessary, overly burdensome, or seeking material that is not relevant.

25      Defendants will seek discovery on its defenses and the DOJ's claims from the
26 FTC, DOJ, and third parties.  Defendants also anticipate the case will require
27

significant expert discovery.  For those reasons, Defendants proposed a shorter fact discovery period and a longer expert discovery period; Plaintiff did not agree.

### (c) Discovery Cut-Off.

The Parties agree to end discovery on August 3, 2026, as provided in the Court's default timeline, and understand that the Court will impose strict deadlines for the completion of discovery. Still, the Parties reserve the right to seek schedule modifications for good cause as the case progresses. If either party believes good cause exists for a modification, the parties will attempt to reach a stipulation before seeking a modified scheduling order from the Court.

### (d) Expert Discovery.

Both parties intend to call expert witnesses in support of their positions, their proposed discovery schedule provides time for simultaneous expert disclosures under Rule 26(b), rebuttal disclosures and depositions.

### (e) Settlement Conference/ Alternative Dispute Resolution.

The parties have informally discussed settlement, but they remain far apart regarding their relative valuations of the case and appropriate resolution. Plaintiff does not believe that additional settlement discussions will be productive before discovery is completed. Defendants believe that additional settlement discussions may be productive. If the Court refers the case to ADR, the parties prefer referral to a Magistrate Judge after discovery has been completed.

### (f) Trial.

#### i. Trial Estimate.

Fourteen days. The parties note that more than four days will be required for trial due to the complexity of the claims and the large number of consumer witnesses. Similar cases have been scheduled jury trials that are fourteen days or longer. The Western District of Washington scheduled a twenty-day jury trial to resolve FTC Act and ROSCA claims against Amazon, *see Federal Trade Commission v. Amazon.com, Inc.,*

Case No. 2:23-cv-0932-JHC, Order to Extend Trial Length, Dkt. 415 (W.D. Wash., July 25, 2025), and the Northern District of California has scheduled a fourteen-day trial to resolve ROSCA claims against Adobe, *see United States v. Adobe Inc. et al,* Case No. 5:24-cv-3630, Order Denying Admin. Mot, Dkt. 101 (N.D. Cal., Sept. 15, 2025).

### ii. Jury or Court Trial.

Both parties have demanded a jury trial.

### iii. Consent to Trial Before a Magistrate Judge.

The parties do not consent to trial before a Magistrate Judge.

### i. Lead Trial Counsel:

Sarah Williams, Senior Trial Attorney, Civil Division, United States Department of Justice for the Plaintiff.

Allyson Baker, Partner, Paul Hastings LLP for Defendant, Dave Inc.

Thomas P. Brown, Paul Hastings LLP for Defendant, Jason Wilk.

**(g)   Independent Expert or Master**.

The Parties do not believe that a master or independent expert would be beneficial at this time. They agree to notify the Court if circumstances change such that a master or independent expert could be beneficial.

**(h)   Other Issues**.

The Parties have discussed the technical specifications for electronic document production and do not anticipate any disputes. The Parties do not anticipate the need for discovery in foreign jurisdictions, the applicability of foreign law, non-English speaking witness, the need for ADA accommodations or problems with the availability of witnesses due to health or advanced age. The Parties do not propose severance or bifurcation. Finally, the Parties confirm that each party has litigation holds in place to ensure the preservation of documents.

Dated: October 27, 2025	Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

BRETT A. SHUMATE
Assistant Attorney General

JORDAN C. CAMPBELL
Deputy Assistant Attorney General

SARMAD KHOJASTEH
Senior Counsel
Civil Division

LISA K. HSIAO
Acting Director

ZACHARY A. DIETERT
Assistant Director

/s/ Sarah Williams
SARAH WILLIAMS
Senior Trial Attorney
JOHN F. SCHIFALACQUA
Trial Attorney
Enforcement & Affirmative Litigation Branch,
Enforcement Section
United States Department of Justice
450 5th Street, NW, Suite 6400-South
Washington, D.C. 20001
Phone: (202) 616-4269
sarah.williams@usdoj.gov
*Attorneys for Plaintiff*

FOR DEFENDANTS, DAVE INC. AND JASON WILK

1
2   THOMAS BROWN (SB # 182916)
    DEREK E. WETMORE (SB # 291600)
3   tombrown@paulhastings.com
    derekwetmore@paulhastings.com
4   PAUL HASTINGS LLP
5   101 California Street, 48th Floor
    San Francisco, CA 94111
6   Telephone: (415) 856-7000
7   Facsimile: (415) 856-7100

8   /s/ Allyson Baker
9   ALLYSON BAKER (*pro hac vice*)
    MEREDITH BOYLAN (*pro hac vice*)
10  allysonbaker@paulhastings.com
11  meredithboylan@paulhastings.com
    PAUL HASTINGS LLP
12  2050 M Street, NW
13  Washington, DC 20036
    Telephone: (202) 551-1700
14  Facsimile: (202) 551-1705
15  MARGARET SHIELDS (*pro hac vice*)
    margaretshields@paulhastings.com
16  PAUL HASTINGS LLP
17  200 Park Avenue
    New York, NY 10166
18  Telephone: (212) 318-6334
19  Facsimile: (212) 319 4090

20  CHRISTOPHER T. NAPIER (*pro hac vice*)
    SHELBY R. SCHWARTZ (*pro hac vice*)
21  cnapier@mitchellsandler.com
22  sschwartz@mitchellsandler.com
    MITCHELL SANDLER PLLC
23  2020 K Street, NW, Suite 760
24  Washington, DC 20036
    Telephone: (202) 886-5260
25
26
27